IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. WALDRON,<br>Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 2:12-cv-01863-PD |
| PROFESSIONAL MEDICAL MANAGEMENT<br>d/b/a FINANCIAL RECOVERIES,<br>Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT PROFESSIONAL MEDICAL MANAGEMENT
d/b/a FINANCIAL RECOVERIES'
REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

I.  **INTRODUCTION**

Plaintiff's Opposition attempts to convince this Court that Financial Recoveries has broadcasted personal and sensitive information about Plaintiff to the world in violation of the FDCPA. Plaintiff's attempt consists of inconsistent and irrelevant arguments designed to confuse the sole issue presented in this case, *i.e.* whether the QR Code is prohibited by §1692f(8) of the FDCPA. Plaintiff's Opposition largely focuses on identify theft and the possibility of third-party disclosure. However, these arguments are inapposite as Plaintiff has not made a claim of identity theft and Plaintiff concludes that his claim has nothing to do with a third-party disclosure. In reality, the QR Code does not reveal anything about Plaintiff's debt or the nature of the letter inside the envelope. The QR Code is just a benign code used for processing mail returns. For these reasons, Financial Recoveries respectfully requests that this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

II.  **REASONABLE MINDS CAN ONLY CONCLUDE THAT THE QR CODE IS BENIGN**

Despite Plaintiff's arguments to the contrary, reasonable minds can only conclude that the QR Code is "benign language." As an initial matter, Plaintiff does not address Financial Recoveries' argument that the QR Code, when viewed with the naked eye, is benign. (*See*

{00604318;v1}   1

Opposition pp. 1-15). Instead, Plaintiff argues the facts to the Court as if the information embedded within the QR Code was visible without the aid of a scanner/reader. *Id.* at pp. 5, 7. Second, Plaintiff erroneously dismisses testimony from Robert Flynn ("Flynn"), Dantom Systems, Inc.'s ("Dantom") corporate representative and suggests, without any bases in fact, that no knowledge of Dantom's coding is necessary to extract Plaintiff's account number and amount due from the scanned QR Code. *Id.* at pp. 2-3, 6. Clearly, however, it is precisely because the account number and amount due are encoded that Plaintiff was compelled to highlight those portions of the scanned QR Code for the Court. *Id.* at p. 6. Finally, Plaintiff attacks Financial Recoveries' supporting authority, yet he offers nothing of substance in its place. *Id.* at pp. 5-12.

After looking beyond Plaintiff's smoke and mirrors, the simple fact remains that the scanned QR Code is "benign language". In light of § 1692f(8)'s purpose, "to prevent debt collectors from embarrassing debtors by announcing the delinquency on the outside of a debt collection letter envelope," reasonable minds can only conclude that that QR Code is not prohibited. *See Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 494 (5th Cir. 2004). It is with this very purpose in mind that courts all across the country have permitted language and symbols to remain on collection envelopes when they are unable to embarrass the debtor by revealing what is inside the envelope. *See Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 319-20 (8th Cir. 2004); *Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456, 1466 (C.D.Cal. 1991); *Lindbergh v. Transworld Sys., Inc.*, 846 F.Supp. 175, 180 (D.Conn. 1994); *Johnson v. NCB Collection Servs.*, 799 F.Supp. 1298, 1304-05 (D.Conn. 1992); *see also Goswami*, 377 F.3d at 494. This case is not an exception. Nothing about the QR Code alone, or scanned, reveals that Plaintiff is a debtor. Indeed, Plaintiff even admitted that the scanned QR Code did not contain any references to "debt", "debtor", "debt collector" or "$". *See* Plaintiff's

Responses to Defendant's RFA Nos. 13-16. Accordingly, Financial Recoveries is entitled to summary judgment and Plaintiff's Complaint should be dismissed, with prejudice.

### III. PLAINTIFF'S EXTRANEOUS ARGUMENTS ARE IRRELEVANT AND UNPERSUASIVE

Plaintiff's attempts to distract the Court with arguments and facts on identity theft are unpersuasive. First, identity theft is not at issue in this case.[1] Second, Plaintiff's arguments about identity theft are nonsensical. Despite Plaintiff's allegations to the contrary, the scanned QR Code does not reveal to anyone that Financial Recoveries is involved with the transaction. (*See* Ex. A. to Answer). In reality, a dumpster diving identity thief would have to actually open the letter to determine that Financial Recoveries was the entity to contact.[2] (*See* Flynn Dep. Ex. 1). Third, Plaintiff's identity theft arguments merely undercut his position. Plaintiff spends the bulk of his Opposition arguing about identity theft and the likelihood of third-party disclosure, only to reverse course later and claim that third-party disclosure is not part of his claim. (*See* Opposition pp. 13-14). Finally, Plaintiff has introduced an undisclosed expert's report on identity theft as further "support" for his Opposition. *Id.* at pp. 7-9. As discussed in Financial Recoveries' Motion to Strike (Dkt # 25), Plaintiff's expert report is inadmissible.

No matter how hard Plaintiff tries, and how often Plaintiff tells the Court it is not the Court's job to rule on these issues, Plaintiff cannot avoid the fact that this case presents one simple issue: whether the QR Code violated § 1692f(8).[3] Contrary to Plaintiff's arguments, the

---

[1] Plaintiff's identity theft arguments also permeate every aspect of Plaintiff's Opposition. (See Opposition pp. 3, 6-9, 13-14).

[2] Not only would an identity thief not know who to contact after scanning the QR Code (without affirmatively opening the letter), Plaintiff grossly mischaracterizes the testimony of Katie Ciprietti. (See Opposition pp. 3, 8). Contrary to Plaintiff's arguments, Ms. Ciprietti did not testify about how easy it would be for someone to obtain account information from Financial Recoveries; rather, Ms. Ciprietti testified about how a person calling Financial Recoveries looking for information would have to verify multiple pieces of information before Financial Recoveries would discuss an account with them. (*See* Ciprietti Dep. pp. 86:11-87:14).

[3] Indeed, Plaintiff cites to more authority for his arguments related to congressional intent than his arguments regarding the QR Code itself.

{00604318;v1}  3

Court would not have to rewrite the law to find that the QR Code was permissible under § 1692f(8). Courts have been giving practical and predictable meaning to statutory language of the FDCPA for years and a ruling consistent with the finding that § 1692f(8) is in place to prevent embarrassment and harm to debtors would not be an exercise beyond this Court's authority. Plaintiff is simply seeking to create liability under the FDCPA by overly dramatizing an innocuous mail routing code. Plaintiff cannot prevail. For all of these reasons, as well as those set forth in Financial Recoveries' Motion for Summary Judgment, Financial Recoveries respectfully requests that this Court enter an Order granting it summary judgment and dismissing Plaintiff's Complaint with prejudice.

## IV.   CONCLUSION

Based on the foregoing, Financial Recoveries respectfully requests that this Honorable Court enter an Order granting its Motion for Summary Judgment and dismissing Plaintiff's claims, with prejudice.

                        FINEMAN KREKSTEIN & HARRIS, P.C.

By    /S/ Richard J. Perr
      RICHARD J. PERR, ESQUIRE (PA 72883)
      JENNIFER TATUM ROOT, ESQUIRE (PA 308693)
      BNY Mellon Center
      1735 Market Street, Suite 600
      Philadelphia, PA  19103-7513
      (v) 215-893-9300; (f) 215-893-8719
      e-mail: rperr@finemanlawfirm.com
            jroot@finemanlawfirm.com

SURDYK DOWD & TURNER CO., L.P.A.

By    /S/ Jeffrey Charles Turner
      JEFFREY CHARLES TURNER, ESQUIRE
      JOHN P. LANGENDERFER, ESQUIRE
      One Prestige Place, Suite 700
      Miamisburg, OH  45342
      (v) 937-222-2333; (f) 937-222-1970
      email:  jturner@sdtlawyers.com
             jlangenderfer@sdtlawyers.com
      Attorneys for Defendant

Dated:    November 13, 2012

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

>Cary L. Flitter
>Theodore E. Lorenz
>Andrew M. Milz
>Flitter Lorenz, P.C.
>450 North Narberth Avenue, Suite 101
>Narberth, PA 19072-1898
>(v) 610-266-7863; (f) 610-667-0552
>cflitter@consumerslaw.com; lorenz@consumerslaw.com;
>amilz@consumerslaw.com
>     Attorneys for Plaintiff

/S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: November 13, 2012

{00604318;v1}    5