# FLITTER LORENZ, P. C.

ATTORNEYS AT LAW

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ

450 N. NARBERTH AVENUE, SUITE 101
NARBERTH, PENNSYLVANIA 19072
610-CONSUMERS
610-266-7863
610-667-0552 (FAX)
WWW.CONSUMERSLAW.COM

MARLTON, NJ
856-396-0600

EMAIL: CFLITTER@CONSUMERSLAW.COM
DIRECT DIAL: 610-822-0782

March 11, 2013

Honorable Paul S. Diamond
Room 6613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19103

RE:   **Robert M. Waldron v. Professional Medical Management
      d/b/a Financial Recoveries
      U.S.D.C. E.D. Pa. Civil Action No. 12-cv-1863(PD)
      Notice of Supplemental Authority**

Dear Judge Diamond:

We represent Plaintiff Robert Waldron in the above-captioned action. Presently pending before Your Honor is Defendant's Motion for Summary Judgment (Doc. No. 23). The Motion is fully briefed. Central to the Motion is construction of 15 U.S.C. § 1692f(8). I write to furnish Notice of Supplemental Authority.

On February 5, 2013, the Court of Appeals handed down *Sherzer v. Homestar Mortgage Services* , 2013 WL 425835 (3d Cir. Feb. 5, 2013). *Sherzer* was an appeal arising under the Truth-in-Lending Act. Both the Truth-in-Lending Act and the Fair Debt Collection Practices Act at issue in Waldron are sub-chapters of the same Consumer Credit Protection Act. In *Sherzer*, the Court of Appeals reiterated the long-standing policy in this circuit that "when the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *Sherzer* at \*3 (internal quotations and citations omitted). Waldron respectfully submits that application of this canon of statutory construction is dispositive of the summary judgment motion under consideration.

I certify that a copy of this letter is being served upon opposing counsel.

Respectfully yours,

CARY L. FLITTER

CLF:jr
Enclosure
cc:    Richard J. Perr, Esquire (w/encl.) (via email: rperr@finemanlawfirm.com)
       Jeffrey Turner, Esquire (w/encl.) (via email: jturner@sdtlawyers.com)
clf\waldron-financial\correspondence\attorney-court\20130311 j.diamond let(supp'l authority).doc